FILED
7th JUDICIAL DISTRICT COURT
Torrance County
3/29/2023 5:00 PM
SUSAN ROSSIGNOL
CLERK OF THE COURT
/s/ Susan Rossignol

STATE OF NEW MEXICO
COUNTY OF TORRANCE
IN THE SEVENTH JUDICIAL DISTRICT COURT

ROY GABALDON,
            Plaintiff,
vs.

THE TOWN OF MOUNTAINAIR,
A municipality existing under the
Laws of the State of New Mexico,
and PETER NIETO, individually,
and JUAN DE REYES, individually,
            Defendants

Mercedes C. Murphy

No. D-722-CV-2023-00068

## CIVIL COMPLAINT UNDER THE NEW MEXICO TORT CLAIMS ACT; THE NEW MEXICO CIVIL RIGHTS ACT AND 42U.S.C. §1983

COMES NOW, Plaintiff Roy Gabaldon, by and through his undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for his Civil Complaint states:

### FACTS APPLICABLE TO ALL COUNTS

1. Plaintiff at all times material was a resident of New Mexico.

2. The Town of Mountainair is a municipality existing under the laws of the State of New Mexico. The Town of Mountainair, New Mexico may be served with summons through Town Clerk, Dennis Fulfer, 105 East Broadway, Mountainair, New Mexico, 87036.

1

3. At all times material to this law-suit Defendant Peter Nieto was the Mayor of the Town of Mountainair, New Mexico. Defendant Nieto may be served at 105 East Broadway, Mountainair, New Mexico, 87036.

4. At all times material to this law-suit Defendant Juan De Reyes (aka Juan De Reyes Jr., Juan Reyes, Juan Reyes Jr., John Reyes, hereinafter Juan Reyes), was the Chief of Police of Mountainair, New Mexico. Juan De Reyes may be served with summons at 5695 University Blvd., S.E., Albuquerque, New Mexico, 87106.

5. Defendant Reyes had moved from police agency to police agency in New Mexico. On some applications for employment, Defendant Reyes failed to disclose (despite being asked), that he had been arrested for aggravated assault on a household member and false imprisonment in Cause No. D-202-CR-200003307. In addition, Defendant Reyes used several aliases and was woefully unqualified for the job of Chief of Police of Mountainair, New Mexico, involved in the recondite administration of employment policy, procedures, and standards. The Town of Mountainair, failed to properly investigate the qualifications of Defendant Reyes.

6. During Defendant Reyes's short tenure with the Defendant Town, at least 17 police officers were hired and either terminated or resigned. By the time

Defendant Reyes "resigned" from the Town of Mountainair, on or about August 31st, 2022 there were no police officers in the Town of Mountainair.

7. Plaintiff was at all times a certified police officer within the State of New Mexico.

8. Plaintiff applied for employment with the Town of Mountainair in March, 2020.

9. The Chief of Police Juan Reyes sent an e-mail to the Mayor of Mountainair and the Town Clerk suggesting an "Oral Board Interview of Supervisory application" for Friday, March 17th, 2020. The email stated "Would like to offer him $19.25 per hour to start, as a Corporal I(for now) with the Certified Officer bonus, incentive included. After a year of employment if all goes well, with him we promote him to Sgt of Patrol to $20.00 per hour."

10. On April 2nd, 2020 Juan Reyes sent Mayor Peter Nieto and the Town Clerk Dennis Fulfer another email stating that "I just completed the background investigation on Mr. Gabaldon and all references came back with positive feedback. No issues or concerns, he received a FAVORABLE investigation... I think this subject would be an asset to our agency and for the Community. I would like to submit him for approval for next Town meeting set for April 7, 2020...."

11. On April 7th, 2020, the Town Council approved the hiring of Plaintiff as a certified police officer.

12. On April 15th, 2020, the Defendant Treasurer Phyllis Royce emailed Juan Reyes indicating that "[w]e will need New Hire Documents and application signed by Roy Gabaldon for personnel files."

13. At the April 21st, 2020, meeting the Defendant Town Council voted to approve purchase of police equipment for new officer.

14. Plaintiff accepted the offer of employment and was at all times material to this law-suit ready and able to perform the duties of his employment with Defendant.

15. On April 22nd, 2020, a letter was sent by Mayor Peter Nieto to the Town of Mountainair Board Members stating "[t]his letter is to inform you that your *Offer of Employment* has been rescinded. By the Town Board for the Lateral position of Police Officer."

16. The offer of employment was never rescinded by the Town Council and the action by the Mayor rescinding the offer was void *ab initio*.

17. The Plaintiff was never informed that he had a right to a grievance in front of the Town Council in violation of the Defendant's own policies and procedures.

18. Chief of Police Reyes was asked by a Town of Mountainair Police officer if Plaintiff had been hired. Reyes responded that Plaintiff had been hired but later found out Plaintiff was a "child molester." Reyes stated that he talked to the

Albuquerque School Police Chief. Reyes stated that Plaintiff was under investigation for sending lude messages to a juvenile.

19. Thereafter, Mayor Nieto was in the police station talking to Chief Reyes. Mayor Nieto stated that his contact with the Albuquerque school police told him that Plaintiff was under investigation for child molestation.

20. Plaintiff's application and employment file was located in the lobby of the Police Department for anyone to see. The files were reviewed by Sergeant Bernard and Ramona Victory.

21. These defamatory comments have continued to be circulated by agents, employees, and officers, of Defendant about Plaintiff.

22. Defendant hid the real reason for the rescission from the job from Plaintiff and all applicable statutes of limitation were tolled because of the Defendant's fraudulent concealment of the real reasons for the rescission of the job .

23. On discovery the real reason for rescission of his job, Plaintiff sent a Notice of Tort Claim and Notice of Violation of the New Mexico Civil Rights Act claim to the Town of Mountainair, New Mexico on or about January 25th, 2023.

24. Mayor Nieto, on numerous occasions, supported by the majority of the Town Council stated that Chief of Police Reyes would continue to be employed as long as he was mayor. Any attempt by the public, or even a member or members of

the Town Council to over-see Chief of Police Reyes was rebuffed on numerous occasions despite clear indications of wrongdoing on the part of Reyes in his administration of the office.

## **COUNT I-VIOLATION OF THE NEW MEXICO CIVIL RIGHTS ACT**

25. The allegations contained above and below are incorporated herein by reference as if set forth in full.

26. On July 1st, 2021, the New Mexico Civil Rights Act became effective in New Mexico having been enacted and signed into law during the 2021 New Mexico Legislative Session.

27. The Town of Mountainair is defined by the Civil Rights Act as a public body.

28. The New Mexico Civil Rights Act prohibits a public body from subjecting or causing to be subjected any resident of New Mexico or person within the State to deprivation of any rights, privileges or immunities secured by the New Mexico Constitution including its bill of rights.

29. The New Mexico Civil Rights Act prohibits the use of the defense of qualified immunity.

30. The New Mexico Bill of Rights protects "inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring,

possessing and protecting property, and of seeking and obtaining safety and happiness. (N.M. Const. Art. 2, §4)

31. New Mexico's Bill of Rights contains sections prohibiting denial of due process (N.M. Const. Art.2, §18); and freedom of speech (N.M. Const. Art. 2 §17).

32. Pursuant to N.M. Const. Art. 2 §23 "[t]he enumeration in this constitution of certain rights shall not be construed to deny, impair or disparage others retained by the people."

33. Each and every one of these New Mexico Constitutional Rights enumerated above have been violated by the Defendant, and its officers, and agents as described above in the preceding paragraphs.

34. The actions of Defendant outlined above have deprived Plaintiff of his due process rights (both procedural and substantive including his liberty interest to engage in his chosen profession), privileges and immunities pursuant to the Bill of Rights of the Constitution of New Mexico due to acts and/or omissions of Defendant and/or persons acting on behalf of, under color of or within the course and scope of the authority of the Defendant.

35. The Defendants agents and employees have conspired to and have deprived Plaintiff of his civil rights under the New Mexico Constitution including but not

limited to his right to liberty, procedural and substantive due process rights and have otherwise defamed Plaintiff.

36. Plaintiff has been damaged by the acts and/or omissions of Defendant.

37. Plaintiff is entitled to injunctive relief under the New Mexico Civil Rights Act as outlined above.

## COUNT II-VIOLATION OF THE NEW MEXICO TORT CLAIMS ACT FOR DEFAMATION, AND VIOLATION OF PROPERTY RIGHTS

COMES NOW, Plaintiff and for Count II-Violation of the New Mexico Tort Claims Act for Defamation, and Violation of Property Rights, States:

38. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

39. The New Mexico Tort Claims Act allows a State Agency to be sued for negligent and intentional acts pursuant to NMSA 1978 Section 41-4-12.

40. The Town of Mountainair Police Department and its Chief of Police Juan Reyes Jr. (aka Juan Reyes, aka Juan De Reyes, aka Juan De Reyes, aka John Reyes) enforce criminal laws and Town ordinances and thus by definition the Defendant and agents including Juan Reyes Jr. are law enforcement officials under the New Mexico Tort Claims Act.

41. Defendant and its agents were acting in the scope of their duties at all times material to this lawsuit including the wrongful conduct directed at Plaintiff.

42. The Defendant engaged in defamation, and violated Plaintiff's due process rights and his rights, privileges and immunities secured by the constitution and laws of New Mexico.

43. Plaintiff has been damaged by Defendant's violation of the New Mexico Tort Claims Act.

44. Immunity has been waived for the Defendant pursuant to the New Mexico Tort Claims Act, not only as a law enforcement agency but in other manners.

**COUNT III-BREACH OF EXPRESS AND/OR IMPLIED CONTRACT OF EMPLOYMENT**

45. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

46. Defendant had an employment contract with Plaintiff that included an ability to grieve the rescission of his job by the illegal, void actions of the Mayor and Chief of Police without the consent of the Town Council.

47. Defendant failed to follow its termination procedures and practices and wrongfully terminated Plaintiff.

48. Plaintiff could reasonably expect Defendant to follow its own procedures including but not limited to allowing for an opportunity to view the allegations

and to respond before termination could take place; and a fair and impartial decision maker.

49. Plaintiff's contractual rights were breached by Defendant and the breach was a direct and proximate cause of Plaintiff's damages.

50. The Defendant's breach of the express/implied employment contract was without just cause, willful, fraudulent, in bad faith, and in wanton disregard of Plaintiff's contractual rights entitling Plaintiff to an award of punitive damages.

## COUNT IV-VIOLATION OF 42 U.S.C. §1983 VIOLATION OF DUE PROCESS (PROCEDURAL AND SUBSTANTIVE), AND DEFAMATION AGAINST ALL DEFENDANTS

51. The allegations contained above are incorporated herein by reference as if set forth in full.

52. The statements made by Mayor Nieto and Chief of Police Reyes alleging illegality and immorality by Plaintiff was stigmatizing because it impugned Plaintiff's good name, reputation, honor and integrity.

53. The statements made by Mayor Nieto and Chief of Police Reyes were false.

54. The statements occurred in the course of terminating Plaintiff's employment and foreclosed other employment opportunities.

55. These statements were published.

56. Plaintiff was denied a name clearing hearing.

57. Plaintiff has been damaged.

## COUNT V-CLAIMS OF SUPERVISORY AND CITY LIABILITY UNDER 42 U.S.C. §1983 AGAINST THE DEFENDANT THE TOWN OF MOUNTAINAIR

58. The allegations contained above are incorporated herein by reference as if set forth in full herein.

59. The Defendant Town knew that Juan De Reyes was a lose canon unable to follow the simplest of instructions and in need of constant over-sight and supervision from the Town. However, the Town knowing of these facts took no effective action to properly supervise and train De Reyes in the operation of a police department including hiring and firing decisions.

60. The need to train and supervise the Town of Mountainair Chief in hiring and firing decisions is obvious.

61. Inadequate training and supervision of the Chief of Police in hiring and firing was so likely to result in grave constitutional injury to citizens that the failure of the Defendant Town of Mountainair, New Mexico to provide adequate training and supervision in these areas constituted a deliberate indifference to and acquiescence in such injury.

62. The deliberate indifference of the Defendant the Town of Mountainair, New Mexico, as set forth herein and above, amounted to a custom, practice, or policy

11

of the Defendant Town of Mountainair, New Mexico that was a moving force behind Plaintiff's wrongful termination and publication of defamatory material about Plaintiff.

63. The actions of Defendant Town of Mountainair, New Mexico, and the custom, practice, or policy pursuant to which the actions were taken, were objectively unreasonable and intentional, willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's rights.

64. The actions of the Defendant Town of Mountainair, New Mexico, and the custom, practice, or policy pursuant to which the actions were taken, proximately caused Plaintiff's constitutional injuries as set forth herein.

65. The failure of Defendant Town of Mountainair, New Mexico to adequately train and supervise its Chief of Police, constituted deliberate indifference to Plaintiff's Fifth and Fourteenth Amendment rights.

66. As a result of the actions and non-actions of the Defendant Town of Mountainair, New Mexico, Plaintiff suffered damages and injuries. These damages include physical injuries, physical pain and suffering, lost income, and psychological and emotional distress.

## REQUEST FOR RELIEF:

Wherefore, Plaintiff asks for judgment against Defendant for:

A.  All damages sustained;

B.  Punitive damages as allowed by law;

C.  Costs of bringing this law-suit;

D.  Attorney's fees as allowed by law;

E.  Pre-judgment and post-judgment interest as allowed by law;

F.  Reinstatement;

G.  Such further and additional relief as the Court deems appropriate.

Respectfully Submitted:

/s/ Eric D. Dixon

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
e-mail: eric@ericdixonlaw.net
Attorney for Plaintiff